**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

CAROL CORL,                          )
                                     )
                    Plaintiff,       )
                                     )
          v.                         )          1:10CV406
                                     )
BURLINGTON COAT FACTORY OF NORTH     )
CAROLINA, LLC,                       )
                                     )
                    Defendant.       )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court pursuant to Defendant's Motion to Seal (Docket Entry 20), to which Plaintiff has consented (see Docket Entry dated June 28, 2011).  For the reasons that follow, the Court will grant the instant Motion in part and deny it in part.

### BACKGROUND

This case commenced when Plaintiff filed a Complaint against Defendant for employment discrimination based on age in violation of federal and state law.  (See Docket Entry 1.)  Defendant now has moved for summary judgment (Docket Entry 17) and, in connection therewith, has filed the instant Motion seeking to file under seal:

1) a declaration of an individual affiliated with Defendant which sets out the dates of birth of individuals involved in the termination of Plaintiff's employment (Docket Entry 19); and

2) an attachment to that declaration that sets out the name, job title, basis for termination of employment, date of termination of employment, date of birth, and age of individuals formerly employed at the same store as Plaintiff who also were involuntarily

separated from employment with Defendant during a certain time period (Docket Entry 19-1).

## DISCUSSION

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern." <u>Landmark Communications, Inc. v. Virginia</u>, 435 U.S. 829, 839 (1978).  As a result, "the courts of this country recognize a general right to inspect and copy . . . judicial records and documents." <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 597 (1978).  <u>See also Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.</u>, 203 F.3d 291, 303 (4th Cir. 2000) ("Publicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case.  It is hardly possible to come to a reasonable conclusion on that score without knowing the facts of the case."); <u>In re Krynicki</u>, 983 F.2d 74, 75 (7th Cir. 1992) ("Judges deliberate in private but issue public decisions after public arguments based on public records.  The political branches of government claim legitimacy by election, judges by reason.  Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat; this requires rigorous justification.").[1]

"The right of public access to documents or materials filed in a district court derives from two independent sources:  the common law and the First Amendment." <u>Virginia Dept. of State Police v.</u>

---

[1] The right of access to court records flows from the right of access to in-court proceedings; it applies in both civil and criminal cases.  <u>See</u> <u>Rushford v. The New Yorker Magazine, Inc.</u>, 846 F.2d 249, 253 & n.4 (4th Cir. 1988).

The Washington Post, 386 F.3d 567, 575 (4th Cir. 2004). "While the common law presumption in favor of access attaches to all 'judicial records and documents,' the First Amendment guarantee of access has been extended only to particular judicial records and documents." Stone v. University of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) (internal citation omitted). Where – as here – the documents a party seeks to seal relate to a summary judgment motion, the First Amendment access right attaches. See Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249 (4th Cir. 1988).

"The common law presumption of access may be overcome if competing interests outweigh the interest in access . . . . Where the First Amendment guarantees access, on the other hand, access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." Stone, 855 F.2d at 180 (emphasis added). The United States Supreme Court has identified the following examples of "competing interests" that courts have found sufficient to overcome the common law right of access: 1) the interest in "insur[ing] that [court] records are not used to gratify private spite or promote public scandal [such as] through the publication of the painful and sometimes disgusting details of a divorce case"; 2) the interest in precluding the use of court "files to serve as reservoirs of libelous statements for press consumption"; and 3) the interest in preventing court files from becoming "sources of business information that might harm a litigant's competitive standing." Nixon, 435 U.S. at 598. Although the common-law access

balance thus clearly accounts for interests associated with non-governmental litigants and/or third-parties, it is not clear how such interests fit into the First Amendment access analysis, given that test's use of the term "governmental interest."

In other words, in the context of a civil case involving non-governmental litigants and/or third-parties, how does one define or discern a "governmental interest"?  Does the government have an interest in the vindication of an individual's right to personal privacy or a business's right to freedom from unfair competitive disadvantage?  Some courts have addressed this conundrum by substituting the notion of "higher value" for "governmental interest" in such contexts.  See <u>Level 3 Communications, LLC v. Limelight Networks, Inc.</u>, 611 F. Supp. 2d 572, 580-83 (E.D. Va. 2009) (discussing cases that cited right to privacy, property right in trade secrets, privilege against disclosure of attorney-client communications, and duties created by contract as "private" interests that might overcome First Amendment right of access).  Moreover, in at least two decisions (one published, one not), the Fourth Circuit has endorsed the view that a private business's interests can overcome both the common law <u>and</u> the First Amendment rights of access.  See <u>Columbus-America</u>, 203 F.3d at 303 (reversing order "unsealing the list of the inventory of the recovered treasure" awarded to litigant because "value of the inventory may be damaged by premature release of the inventory"); <u>Woven Elec. Corp. v. Advance Group, Inc.</u>, Nos. 89-1580, 89-1588, 930 F.2d 913 (table), 1991 WL 54118, at *6 (4th Cir. May 6, 1991) (unpublished)

-4-

(ruling that district court could have closed courtroom and could seal record to protect trade secrets).

In addition to identifying the proper source of the right of access, "[w]hen presented with a request to seal judicial records or documents, a district court [also] must comply with certain . . . procedural requirements." Virginia Dept. of State Police, 386 F.3d at 576. Specifically:

> [The district court] must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing. Adherence to this procedure serves to ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review.

Id. (internal citation omitted) (emphasis added).[2]

The Court concludes that the interest in protecting the personal privacy of Defendant's employees and former employees represents a compelling interest sufficient to overcome both the common-law and the First Amendment right of access to some of the information within the materials filed in connection with Defendant's summary judgment motion. Indeed, the Federal Rules of Civil Procedure recognize the compelling nature of the interest in keeping individual's personal information, such as dates of birth, out of public court records. See Fed. R. Civ. P. 5.2. However, the Court need not seal the declaration in its entirety to

---

[2] The public docketing of a motion to seal – as occurred in this case – can satisfy the "public notice" element of this "procedural" requirement. See Stone, 855 F.2d at 181.

vindicate the compelling interest at stake. Instead, the Court will order Defendant to file a redacted copy of the declaration which obscures the dates of birth cited therein.

The Court also will order the filing of the attachment to the declaration in redacted form. Defendant's former employees have a compelling privacy interest in keeping their personal identifying information, as well as the fact and circumstances of their involuntary separation from employment with Defendant, out of the public record. Accordingly, the Court will order that Defendant file a redacted copy of said attachment that obscures all of the information under all of the columns except for the "Termination Reason" and "Age at Termination" columns. The redaction of the information in the other columns sufficiently will protect the former employees' personal information and identities.

<u>CONCLUSION</u>

Common-law and First Amendment rights of public access attach to the materials Defendant seeks to seal. To the extent the public disclosure of some of the information in said materials would infringe on the personal privacy of Defendant's employees and former employees, however, a compelling interest sufficient to overcome the public right of access exists. The Court nonetheless has an obligation to vindicate those privacy interests in the least drastic manner practicable. Accordingly, the Court will order redaction rather than total sealing.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Seal (Docket Entry 20) is **GRANTED IN PART** and **DENIED IN PART**. Defendant

shall file a redacted copy of the declaration at issue (Docket Entry 19) that obscures the dates of birth cited therein and a redacted copy of the attachment to said declaration (Docket Entry 19-1) that obscures all of the information in all of the columns except for the "Termination Reason" and "Age at Termination" columns.

                      /s/ L. Patrick Auld          

**L. Patrick Auld**
**United States Magistrate Judge**

June 30, 2011